**Opinion issued February 24, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-14-00943-CR**

_____

**VAUGHN MONROE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1445412**

---

**MEMORANDUM OPINION**

Appellant, Vaughn Monroe, was previously convicted of the offense of

aggravated sexual assault of a child, which carries with it a requirement to register

with the Texas sex offender registration program.[1]  Monroe was charged with failure to comply with the applicable sex offender registration requirements.  The trial court found Monroe guilty, and in accordance with Monroe's plea bargain agreement with the State, sentenced Monroe to confinement for six years.  Monroe filed a pro se notice of appeal.  We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

The trial court's certification of appellant's right to appeal is included in the record.  The trial court's certification correctly states that that Monroe has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The record supports the trial court's certification.  Because Monroe has no right of appeal, we dismiss the appeal for want of jurisdiction.  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]      *See* TEX. PENAL CODE ANN. § 22.021(West 2011); TEX. CODE CRIM. P. §62.001 (West 2014).